# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

SAMUEL ANTHONY WILDER,    )
                          )
                          )   CIVIL ACTION NO. 3:08-136-MBS-JRM
            Petitioner,   )
                          )
v.                        )   **REPORT AND RECOMMENDATION**
                          )
STAN BURT,                )
                          )
            Respondent.   )
_____)

Petitioner, Samuel Anthony Wilder ("Wilder"), is an inmate with the South Carolina Department of Corrections serving a sentence of life imprisonment for murder and a five (5) year consecutive sentence for possession of a firearm during a crime of violence. On January 18, 2008, Wilder filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c) and (e) (D.S.C). Respondent filed a motion for summary judgment on May 19, 2008. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered on May 22, 2008. Wilder filed his response to the motion for summary judgment on July 21, 2008.

## Background and Procedural History

On May 7, 1999 a jury convicted Wilder of the 1997 shooting death of his wife, Connie Pettway. The incident occurred at a bar in Charleston County. Wilder was represented at trial by

1

Edward Brown, Esquire, and Rita Roche, Esquire. Respondent describes the procedural history from this point forward as "tortured and convoluted." (Res.Mem., p. 2). Review of the voluminous record filed in this Court shows that Respondent's description is accurate, and that despite nearly ten (10) years having passed since his conviction, Wilder presently has a belated direct appeal pending in state court. (Res.Mem., Ex. 36, Order filed May 20, 2007 granting belated appeal pursuant to White v. State, 263 S.C. 110, 108 S.E. 2d 35 (1974)).

The parties have provided a detailed description of Wilder's attempts to have his conviction reviewed and overturned which the undersigned will not attempt to duplicate or summarize. The more recent relevant history shows that Wilder filed an application for post-conviction relief ("PCR") in September of 2006 which resulted in a denial of all his claims, but allowed him to file his belated appeal in 2007. (Res.Mem., Exs. 34-36). The belated appeal is pending. The relief sought by Wilder in the present petition underscores the fact that he has failed to properly exhaust his state remedies. He alleges that he was improperly granted a belated appeal instead of having his previously filed direct appeal reinstated. Respondent asserts that Wilder has failed to exhaust any claims and that the present petition should be dismissed so that he can pursue his remedies in state court.

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or

2

>> (B)(i)  there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.  See O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948.  In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976).  The second avenue is by filing an application for post-conviction relief

("PCR"). See S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[1] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim], the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). **If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts**, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. See Rose v. Lundy, supra.

---

[1] In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

Wilder has presented no claims which have been reviewed by the South Carolina appellate courts. Wilder should be well aware of this requirement since he has filed two (2) previous actions in this Court which were dismissed without prejudice to allow him to exhaust his state remedies.[2]

Wilder has filed two motion to amend his habeas petition. In his first motion to amend filed July 21, 2008, Wilder appears to wish to consolidate his present petition with the claims in his previous petitions which were dismissed so he could exhaust his state remedies. This motion should be denied as futile as those petitions have been dismissed and the cases closed, and because his claims remain unexhausted. In his second motion to amend filed December 24, 2008 Wilder seeks to add a claim that the trial court's jury instruction violated due process. Again, the motion to amend should be denied as futile because Wilder has an appeal pending and this claim is appropriate for review on direct appeal.

## Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without prejudice to allow Petitioner to exhaust his state remedies. It is also recommended that Petitioner's motions to amend be **denied.**



Joseph R. McCrorey
United States Magistrate Judge

January 21, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

---

[2] See Wilder v. Catoe, 0:00-3257-24BD and Wilder v. McMaster, 3:04-2000-24BC.

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).