IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Samuel Anthony Wilder,   #258295, | ) | C/A No. 3:08-136-MBS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| Stan Burt, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Samuel Anthony Wilder is an inmate of the South Carolina Department of Corrections who currently is housed at Lieber Correctional Institution in Ridgeville, South Carolina. On January 18, 2008, Petitioner filed a  petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner asserts that he is being held in custody unlawfully on the following grounds: (1) ineffective assistance of appellate counsel; and (2) violation of Douglas v. California, 372 U.S. 353 (1963).

This matter is before the court on motion for summary judgment filed by Respondent Stan Burt on May 19, 2008.  Respondent asserts that the within petition should be dismissed because Petitioner currently has pending before the state appellate courts a belated appeal pursuant to White v. State, 208 S.E.2d 35 (1974).  By order filed May 22, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately.  Petitioner filed a response to Respondent's motion on July 21, 2008.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling.  The Magistrate Judge

issued a Report and Recommendation on January 21, 2009 in which he recommended that Respondent's motion for summary judgment be granted and the within petition be dismissed without prejudice to allow Petitioner to exhaust his claims in state court. Petitioner filed objections to the Report and Recommendation on March 19, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. DISCUSSION

The petition is governed by the terms of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B)(i) there is an absence of available State corrective process; or
>
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In this case, Petitioner filed an application for PCR on September 5, 2006. Among other

things, he contended that he had received ineffective assistance of appellate counsel in that the attorney who was appointed to represent him in the appeal allowed the appeal to be dismissed without perfecting the appeal, and thereafter failed to move to reinstate the appeal. By order dated November 12, 2007, the Honorable John C. Few granted Petitioner a belated appeal as authorized by White v. State, 208 S.E.2d 35 (1974). It appears from Petitioner's response in opposition to Respondent's motion for summary judgment that the belated appeal was filed on May 14, 2008.

In his objections, Petitioner generally argues the merits of his state court claims, including issues that could be raised in his belated appeal. However, the direct appeal issues have not been ruled on by the South Carolina appellate courts. Thus, as noted by the Magistrate Judge, the within petition contains both exhausted and unexhausted claims.

Federal courts must rigorously enforce the total exhaustion rule in order to give state courts the first opportunity to review all claims of constitutional error. Rose v. Lundy, 455 U.S. 509, 519 (1982). The Supreme Court has explained that:

> strict enforcement of the exhaustion requirement will encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition. To the extent that the exhaustion requirement reduces piecemeal litigation, both the courts and the prisoners should benefit, for as a result the district court will be more likely to review all of the prisoner's claims in a single proceeding, thus providing for a more focused and thorough review.

Id. at 520.

In this case, the PCR judge provided Petitioner an opportunity, in accordance with state procedures, to assert direct appeal issues that he was prevented from asserting in a timely manner subsequent to his trial. Petitioner is required to squarely present all issues to the South Carolina appellate courts to avoid procedural default upon federal habeas review. See Joseph v. Angelone,

184 F.3d 320, 328 (4th Cir. 1999). As the Magistrate Judge properly noted, if Petitioner has failed to raise issues to the South Carolina courts, but has any means to do so, he is required to exhaust his claims in state court. Report and Recommendation, 4 (Entry 29). Petitioner's objections are without merit.

The court concurs in the recommendation of the Magistrate Judge. Respondent's motion for summary judgment is granted to the extent that Respondent moves the court to dismiss the petition to allow Petitioner to exhaust his state court remedies. Accordingly, Petitioner's § 2254 petition is **dismissed without prejudice** to allow Petitioner to exhaust his state court remedies. Petitioner's motions to amend (Entries 26, 28, 39) are **denied.**

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

March 24, 2009.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**